Richard S. Mandel (rsm@cll.com)
Eric J. Shimanoff (ejs@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9200
Attorneys for Plaintiff American Decorative Fabrics, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

AMERICAN DECORATIVE FABRICS, LLC,

        Plaintiff,

    -against-

VICTORIA CLASSICS, LTD.,

        Defendant.

-------------------------------------------------------------x

Case No. 10-cv-7432 (SAS) (KNF)

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, that:

1.    Any party or non-party (collectively "party") that produces information in connection with this case orally during testimony at depositions, in writing or through the production of documents or otherwise during the proceedings which it reasonably believes in good faith to be confidential or highly confidential in nature may designate such information for protection under this Stipulated Protective Order. The information so designated ("Protected Material") shall thereafter be subject to the provisions of this Stipulated Protective Order.

2.    Protected Material shall be designated by the party producing it as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the time that a response to discovery is made by placing or affixing a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" notice in writing on documents containing such Protected Material, except that in the case of depositions, the party's counsel

25017/009/1219126

wishing to designate portions of a deposition as containing Protected Material may do so by making an appropriate statement at the time of the giving of such testimony or by notifying opposing counsel in writing within 15 days of receipt of the transcript. Pending such 15 day review period, all materials contained in the transcript and exhibits are to be treated as "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY." Any designation of Protected Material which is inadvertently omitted during document production may be corrected by written notification to opposing counsel, and such documents shall thereafter be treated as Protected Material in accordance with the provisions of this Stipulated Protective Order. Where material is designated both "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY", the material shall be treated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY".

3. Protected Material classified as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under paragraph 2 may be disclosed only to the following persons, except upon the prior written consent of the designating party or upon order of the Court:

- (a) counsel of record for the parties and the necessary clerical and legal support personnel employed or retained by such counsel;

- (b) independent consultants and experts retained by counsel of record to assist in connection with this action, subject to the provisions contained in paragraph 5 of this Stipulated Protective Order;

- (c) persons who are identified on the face of a writing containing such information as the authors or recipients of the information; and

- (d) the Court and its employees and stenographic reporters present at depositions or trial.

4. Protected material classified as "CONFIDENTIAL " under paragraph 2 may not be disclosed by any person to anyone other than:

- (a) the persons identified in paragraph 3 above to whom information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be disclosed; and

2

(b) the parties and their employees who are participating in this proceeding.

5. In the event that counsel of record for a receiving party proposes to disclose Protected Material to any independent consultant or expert retained for the purposes of this litigation, said consultant or expert must first execute a copy of the declaration attached hereto as Exhibit A. Counsel of record for the receiving party shall provide to counsel of record for the producing party copies of all declarations (Exhibit A) executed pursuant to this Stipulated Protective Order promptly after their execution.

6. All Protected Material disclosed in this case shall be used by counsel, authorized retained outside experts or consultants, if any, and any other reviewing party, only for the purposes of prosecuting or defending this litigation and not for any business or other purpose whatsoever, including for their own use or for the use of their clients. All transcripts or documents containing Protected Material shall be returned to the producing party or destroyed promptly upon the conclusion of this litigation.

7. Protected Material shall be stored under the control of outside counsel for a party, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Stipulated Protective Order.

8. No Protected Material shall be filed in the public record of this matter. Any Protected Material that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Protected Material, shall be filed under seal. Where possible, only the portions of filings containing the Protected Material shall be filed under seal. Notwithstanding the foregoing obligation to file Protected Material under seal, the burden of demonstrating to the Court that any Protected Material should be sealed shall always remain with the party that designated the Protected Material as such.

3

9.   A party which designates information as Protected Material shall have a reasonable basis for believing, in good faith, that the information requested is confidential, proprietary or commercial information upon which restrictions to access should be imposed before that party designates the information as Protected Material. In the event that a receiving party shall at any time disagree with the designation by the producing party of any information as Protected Material, then the parties shall first try, in good faith, to resolve such dispute on an informal basis before presenting the dispute to the Court by motion or otherwise. The Court may then determine whether the information should be considered Protected Material and, if so, may rule on what restrictions to access or disclosure should be imposed, if any. No party shall be obligated to challenge the propriety of the designation of Protected Material at the time of production, and a failure to do so shall not preclude a subsequent challenge as to the propriety of such designation.

10.   This Stipulated Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained in it after notice to the other party. This Stipulated Protective Order is without prejudice to the right of any party to move for a separate protective order relating to any particular document or information, including restrictions different from those specified herein, and/or to present other appropriate motions.

11.   The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

   (a)   was, is or becomes public knowledge, not in violation of this Stipulated Protective Order;

   (b)   is acquired by the non-designating party from a third party having the right to disclose such information or material; or

   (c)   was lawfully possessed by the non-designating party prior to the execution of this Stipulated Protective Order.

4

25017/009/1219126

12. Nothing herein shall affect the right of a producing party to use its own Protected Material for any purpose.

13. Nothing herein shall prevent a receiving party or any other person who has received Protected Material pursuant to the terms of this Agreement from producing such Protected Material in response to a lawful subpoena or other compulsory process, provided that the receiving party or other person receiving such subpoenas or process (a) shall as soon as is reasonably practical give notice thereof to counsel for the producing party by telephone and facsimile and shall furnish the producing party a reasonable opportunity to seek a protective order; and (b) if application for a protective order is made promptly and before the return date, shall not produce such Protected Material prior to receiving a court order or the consent of the producing party or its counsel unless otherwise required by law. In the event that production of such Protected Material is made notwithstanding such prompt application for a protective order, it shall continue to be treated as Protected Material by all persons subject to this Stipulated Protective Order unless and until the court shall otherwise direct.

14. The parties agree to submit this Stipulated Protective Order for entry by the Court. However, the parties agree to be bound by its terms regardless of whether it is entered by Court.

15. This Stipulated Protective Order may be executed in multiple counterparts, each of which shall be valid and binding as if all parties had executed the same original, and a faxed signature shall be deemed an original signature for all purposes.

Dated: **March 15**, 2011
New York, New York

| COWAN, LIEBOWITZ & LATMAN, P.C. | GREENBERG TRAURIG, LLP |
|---|---|
| By: _____ | By: _____ |
| Richard S. Mandel | Scott Gelin |
| Eric J. Shimanoff | |
| 1133 Avenue of the Americas | 200 Park Avenue |
| New York, NY 10036 | New York, NY 10166 |
| (212) 790-9200 | (212) 801-9200 |
| | |
| Attorneys for Plaintiff American Decorative Fabrics, LLC | Attorneys for Defendant Textiles from Europe, Inc. d/b/a Victoria Classics |

SO ORDERED this **17** day of **March**, 2011.

_____
Shira A. Scheindlin, U.S.D.J.

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
AMERICAN DECORATIVE FABRICS, LLC,          :

                       Plaintiffs,          :     Case No. 10-cv-7432 (SAS) (KNF)

v.          :

VICTORIA CLASSICS, LTD.,          :

                       Defendant.          :
----------------------------------------------------------------- x

I, _____, hereby acknowledge that I have read the Stipulated Protective Order in the above-entitled proceeding and will not, directly or indirectly, use or allow use for any purpose or disclose to any person for any purpose, any Protected Material covered by the aforesaid Order except as provided in said Order and not for any business or other purpose whatsoever. I hereby agree to be bound by the terms of said Order, submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and understanding that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

By:_____          Dated:_____

Name:

Firm or Affiliation:

25017/009/1219126